**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Linda Reems and Shirley Frerck, )<br>as Conservators for Wilson Lee Bergerud, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>United Healthcare Services, LLC and Time )<br>Warner, Inc., )<br>)<br>Defendants. ) | **ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS**<br><br>Case No. 1:07-cv-088 |

_____

This is an action originally filed in state court by the plaintiffs, Linda Reems and Shirley Frerck as conservators for Wilson Lee Bergerud, against Bergerud's former employer's pension plan and the pension plan administrator, alleging claims under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, et. seq. On November 26, 2007, the Defendants removed the action to federal court. See Docket No. 1. Bergerud seeks payment for long term care insurance benefits that he contends were incorrectly denied by defendant United Healthcare Services, LLC, on behalf of defendant Time Warner, Inc. On February 13, 2008, the Defendants filed a motion to dismiss. See Docket No. 6. For the reasons outlined below, the motion is granted.

**I.     BACKGROUND**

This suit arises out of the denial of Bergerud's claims by defendant United Healthcare for Bergerud's stay at the Hill Top Home of Comfort, Inc., a nursing home facility in Killdeer, North Dakota. AOL Time Warner Inc. (Time Warner) purchased a Supplementary Medicare Program as part of an AOL Time Warner Health Plan for its employees and delegated the administration of the Supplementary Medicare Program to United Healthcare. In general, the Supplementary Medicare

Program pays "limited benefits for certain medically necessary Part A and Part B expenses that are not covered or fully reimbursed by Medicare." <u>See</u> Docket No. 8-2 (Summary Plan Description, p. 6).

As a former employee of Time Warner, Bergerud is covered under the Supplementary Medicare Program. United Healthcare paid benefits to Bergerud for claims submitted for Bergerud's stay at the nursing home for the months of July, August, and September 2004, and January, February, March, April, August, and September 2005. <u>See</u> Docket No. 1-2. Bergerud contends that he is entitled to unpaid benefits for October, November, and December 2004, for May through July of 2005, and since September 2005.

The plaintiff, Linda Reems, as conservator for Bergerud, contends that she has exhausted her administrative remedies. In support of her contention of exhaustion, Reems references documents Bergerud received from United Healthcare, letters Reems sent to United Healthcare, and letters Reems received from Bergerud's nursing home. <u>See</u> Docket Nos. 14-2 through 14-16. Reems also contends that United Healthcare's responses to her correspondence did not inform her that the denials had to be appealed. Reems further contends that her reliance on correspondence as a remedy instead of filing a formal appeal was induced by United Healthcare.

The record reveals that Linda Reems sent six letters to United Healthcare. In the first letter, dated May 3, 2005, Reems acknowledged the denial of benefits and enclosed information she understood would remedy the denial. <u>See</u> Docket No. 14-3. The second letter, dated November 29, 2005, provided that Reems was following up on a conversation with a customer service representative and enclosing Medicare Summary Notices for services rendered to Bergerud in September and October of 2004. <u>See</u> Docket No. 14-4. The third letter Reems sent to United

Healthcare, dated August 1, 2006, indicated that Reems had spoken to a United Healthcare representative and was instructed to resubmit the claims for September, October, November, and December 2004, because United Healthcare lacked the notes section of the Medicare Summary Notice. See Docket No. 14-13. The fourth, fifth, and sixth letters Reems sent to United Healthcare, dated February 6, 2006, February 21, 2007, and May 22, 2007, were for the submission of pharmacy bills. See Docket Nos. 14-7, 14-14, and 14-16.

After receiving Reems' May 3, 2005, letter and Medicare Summary Notice, United Healthcare paid the claim for Bergerud's stay at the Hill Top Home of Comfort for July 14, 2004, through August 31, 2004. See Docket No. 19-2. United Healthcare denied the September and October 2004 claims and based the denial on Reems' failure to enclose the entire Medicare Summary Notice in her November 29, 2005, letter. See Docket No. 19-5. After United Healthcare received Reems' August 1, 2006, letter, it paid the September 2004 claim and ultimately denied benefits for November and December 2004. See Docket Nos. 19-3 and 19-4. United Healthcare had previously denied benefits for October 2004. The Plaintiffs never appealed the denial of benefits for October, November, and December 2004.

After the denial of the benefits, the Plaintiffs initiated a lawsuit in state court on October 24, 2007. See Docket No. 1-2. On November 26, 2007, the Defendants filed a notice of removal stating that the Court has jurisdiction over the ERISA claim pursuant to 29 U.S.C. § 1132(e)(1). See Docket No. 1. Bergerud is seeking payment for long term care insurance benefits he contends were incorrectly denied by United Healthcare, on behalf of Time Warner.

On February 13, 2008, the Defendants filed a motion to dismiss. See Docket No. 6. The basis for the Defendants' motion is that Bergerud did not exhaust his administrative remedies. The

Plaintiffs filed a response on March 27, 2008, asserting that the Plaintiffs' correspondence with United Healthcare constitutes an appeal, that Plaintiffs' attempts at administrative resolution have been exhausted, that the policy has been cancelled and therefore exhaustion is no longer required, that Bergerud did not receive notice of his appeal right because the notices were sent to an address where he no longer resides, and that the administrative appeal procedure is not mandatory. See Docket No. 13. The Defendants filed a reply on April 23, 2008. See Docket No. 18. This matter is now ripe for the Court's consideration.

## II.     LEGAL DISCUSSION

The Defendants argue that Bergerud neglected to follow the Supplementary Medicare Plan's appeal procedure and, consequently, failed to exhaust his administrative remedies. Specifically, the Defendants assert that Bergerud forfeited his right of recovery because the letters sent to United Healthcare by his conservator were merely responses to requests for information and not appeals that were filed in the manner prescribed in United Healthcare's Summary Plan Description or each Explanation of Benefits statement.

In response, Reems references an undated notice received from United Healthcare that provides that the Supplementary Medicare Program policy was canceled. See Docket No. 14-2. In an affidavit dated March 28, 2008, Reems states that she "recently received" the cancellation notice, but the record contains no other evidence of the date of the cancellation notice. Reems contends that because Bergerud's policy has been cancelled, the policy provisions requiring administrative action are no longer in effect and, therefore, the matter is properly before the Court. In the reply, the Defendants state that the policy cancellation letter was erroneously sent and that the Supplementary

4

Medicare Program policy has not been cancelled. Because the policy is still in effect, the Court need not address the affect that policy cancellation would have on the requirement of exhaustion of administrative remedies.

Reems also argues that her correspondence with United Healthcare[1] constituted an appeal and, as such, she has fulfilled the Supplementary Medicare Plan's administrative requirements. Reems contends that the Defendants wrongfully induced the Plaintiffs to detrimentally rely on their correspondence with United Healthcare as satisfying the administrative appeal requirements. Reems argues that Bergerud's conservators were appointed without full knowledge of the plans Bergerud had for his care, and that delays have arisen because United Healthcare mailed the Explanation of Benefit forms to Bergerud's New Jersey address. Finally, Reems contends that the exhaustion of administrative remedies was not clearly mandated by the Supplementary Medicare Program.

It is well-established that ERISA requires that all employee benefits plans include internal dispute resolution procedures for participants and beneficiaries. See 29 U.S.C. § 1133. Specifically, 29 U.S.C. § 1133 mandates that every employee benefit plan shall:

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

---

[1] Reems also references letters she received from the Hill Top Home of Comfort, Inc., in support of her contention that the administrative appeal process has been exhausted. The letters from Hill Top Home of Comfort, Inc., were written by the nursing home administrator and sent to Reems, and were not received by nor provided to the Defendants. As such, the letters were not made a part of the administrative record and may not be considered by the Court. King v. Hartford Life & Accident Ins. Co., 414 F.3d 994, 999 (8th Cir. 2005).

Where the claim is strictly a claim for benefits under an ERISA plan, federal courts have "uniformly concluded that benefit claimants must exhaust administrative review procedures mandated by 29 U.S.C. § 1133(2) [ERISA § 503(2)] before bringing claims for wrongful denial to court." Kinkead v. SW Bell Corp. Sickness & Accident Disability Benefit Plan, 111 F.3d 67, 68 (8th Cir. 1997). The trial court may dismiss an ERISA claim for lack of jurisdiction if the claimant has not exhausted the available administrative remedies under the respective ERISA plan.

The exhaustion requirement serves to minimize the number of frivolous ERISA lawsuits, promote the consistent treatment of benefit claims, provide a non-adversarial dispute resolution process, and decrease the cost and time of claims settlement. In addition, it "enhances the ability of trustees to interpret plan provisions and helps assemble a factual record which will assist a court in reviewing claim denials." Id.

In this case, there is little evidence in the record to support Reems' assertion that she has exhausted the available internal administrative dispute resolution procedures. The Supplementary Medicare Program's Summary Plan Description provides the process for appeals as follows:

> If you receive notice that your claim has been denied, either in full or in part, the notice will explain the reasons for the denial including references to pertinent Program provisions on which the denial was based. If your claim was denied because you did not furnish complete information or documentation, the notice will state the additional materials needed to support your claim. The notice will also tell you how to request a review of the denied claim, based on the established rules for the Program.

See Docket No. 8-2 (Summary Plan Description, p. 27). The Summary Plan Description further provides that Bergerud may appeal the denial of a claim in writing within 180 days. Id. The Explanation of Benefits statements United Healthcare issued on these claims contained the following language:

> A review of this benefit determination may be requested by submitting your appeal to us in writing at the following address: United Healthcare Appeals, P.O. Box 30432, Salt Lake City, UT 84130-0432. The request for your review must be made within 180 days from the date you receive this statement. If you request a review of your claim denial, we will complete our review not later than 30 days after we receive your request for review. You may have the right to file a civil action under ERISA if all required reviews of your claim have been completed.

See Docket Nos. 19-4 and 19-5.

The record reveals that Reems corresponded with United Healthcare and submitted additional claim information in the form of the Medicare Summary Notices and requests to pay pharmacy bills. See Docket Nos. 14-3, 14-4, 14-7, 14-13, 14-14, and 14-16. However, Reems' correspondence with the plan administrator is not sufficient to constitute a request for review. Powell v. AT&T Commc'ns, Inc., 938 F.2d 823, 826-827 (7th Cir. 1991). The content of the letter must be "reasonably calculated to alert" the administrator of a request for an administrative review of the benefits determination. Id. at 827. The Plaintiffs do not contend, and the record is devoid of evidence, that a formal appeal was submitted to United Healthcare as required. The Court finds that Reems' correspondence was not an appeal as required by the Supplementary Medicare Program.

Reems argues that United Healthcare's response to her correspondence induced her into relying on her method of seeking claim benefits instead of filing an appeal. Reems also argues that delays occurred because the Explanation of Benefits forms were sent to Bergerud's New Jersey address. The Plaintiffs do not contend that these delays affected their ability to appeal. It appears that the Plaintiffs are arguing that an exception should apply to the requirement of exhaustion of administrative remedies.

It is well-established that courts have recognized exceptions to the exhaustion of the administrative remedies requirement. For example, one exception to exhaustion arises when a

plaintiff is alleging a statutory violation of ERISA. Zipf v. Am. Tel. and Tel. Co., 799 F.2d 889, 891 (3d Cir. 1986). The Plaintiffs do not contend that the statutory violation exception applies, and it is clear from the record that this exception does not apply in this case. Another exception where exhaustion is generally not required is if the plaintiff can demonstrate that the resort to administrative remedies would be futile or the remedy inadequate. See Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 330 (1969). Such a demonstration requires a "clear and positive showing" that the plaintiff did not pursue an administrative appeal because it was certain that the appeal would be denied. Makar v. Health Corp., 872 F.2d 80, 83 (4th Cir. 1989); Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821 (1st Cir.), cert. denied, 488 U.S. 909 (1988).

The Court finds that Reems has not made such a showing in this case and it is not clear that exhaustion of administrative remedies would have been futile. Although Reems did not file a formal claim, she did correspond with United Healthcare and provide additional information, in the form of Medicare Summary Notices to remedy deficiencies regarding the denial of benefits for July 14, 2004, through December 31, 2004. After United Healthcare received the Medicare Summary Notices, it reviewed the benefits claims to make determinations under the policy and ultimately paid the claims for July 14, 2004, through September 2004. See Docket Nos. 19-2 and 19-3. United Healthcare's payment of several previously denied claims upon receipt of additional information is clear evidence that exhaustion of administrative remedies would not have been futile.

After a review of the additional information Reems submitted, United Healthcare denied benefits for the claims for October 2004 through December 2004. The Explanation of Benefits form that notified the Plaintiffs of the claim denials also provided the appeal procedure, and it is clear from the record that no appeal was taken from those denials. Further, the record is devoid of

8

evidence of an appeal of the claims for the period May through July of 2005, or since September 2005.

The Plaintiffs final argument is that exhaustion of remedies should not apply because the Summary Plan Description for the Supplementary Medicare Program does not explain that the claimant must exhaust the administrative review process prior to filing a case in court. Under Eighth Circuit law, the plan administrator does not have to explain to claimants that the administrative review process is a mandatory prerequisite to filing a lawsuit. Wert v. Liberty Live Assurance Co., 447 F.3d 1060, 1063 (8th Cir. 2006). In Wert, the Eighth Circuit held that a plaintiff is required to exhaust the available administrative review process prior to bringing a lawsuit "even if the plan, insurance contract, and denial letters do not explicitly describe the review procedure as mandatory or as a prerequisite to suit." Id.

Further, the Court finds that in this case the Summary Plan Description for the Supplementary Medicare Program provided notice of the claimants' exhaustion requirements. The Summary Plan Description provides, "[i]f your claim to the Claims Administrator or Plan Adminstrator (as applicable) is denied in full or in part, at the completion of that review process you have a right to file suit in federal or state court." See Docket No. 8-2 (Summary Plan Description, p. 28). Additionally, each Explanation of Benefits letter to the Plaintiffs states, "[y]ou may have the right to file a civil action under ERISA if all required reviews of your claim have been completed." Id. The Court finds that the Summary Plan Description and each Explanation of Benefits provided ample notice of the need to follow the administrative appeal process prior to filing a lawsuit, and provided explicit instructions on how to proceed with an appeal. The Court finds that the Plaintiffs

9

have not established an exception to the exhaustion requirement in this case and have failed to exhaust the available administrative remedies.

### III.     CONCLUSION

The Court finds that the Plaintiffs have failed to exhaust the administrative remedies, and that no exception to the exhaustion of those remedies is applicable.  The Defendants' Motion to Dismiss (Docket No. 6) is **GRANTED**, and the case is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2008.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court